UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 22-60135-CIV-ALTMAN/HUNT

FUSION PROPERTIES
MANAGEMENT GROUP, INC.
d/b/a/ FUSION FARMS,

       Plaintiff,

v.

OCELOTL GROUP LLC.,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before this Court on Plaintiff's Motion for Default Judgment and Permanent Injunction, ECF No. 26. The Honorable Roy K. Altman referred the instant motion to the undersigned for a report and recommendation. ECF No. 27; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough and careful review of the Motion, the record, the applicable law, and being otherwise fully advised in the premises, the undersigned recommends that Plaintiff's Motion, ECF No. 26, be GRANTED for the reasons set forth below.

## BACKGROUND

On January 18, 2022, Fusion Properties Management Group, Inc., ("Fusion Farms") filed its Complaint alleging causes of action for misappropriation of trade secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq. ("DTSA") and the Florida Uniform Trade Secrets Act, Fla. Stat. § 688.001, et seq. ("FUTSA"), as well as for tortious interference with business relationships under Florida law, arising from Ocelotl Group's

LLC ("Ocelotl") use and disclosure of Fusion Farms' confidential and proprietary information in connection with, and in furtherance of, Ocelotl's business.  ECF No. 1.  Fusion Farms served Ocelotl with the Summons and Complaint on January 27, 2022.  ECF No. 11.  Ocelotl failed to answer or otherwise respond to the Complaint, which resulted in the Clerk's entry of default against Ocelotl on March 22, 2022.  ECF No. 25.  Fusion Farms now moves this Court to enter default judgment and issue a permanent injunction against Ocelotl.  ECF No. 26.  To date, no response has been filed.

## DISCUSSION

A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, as set forth in the operative complaint." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). However, a "defendant's default does not in itself warrant the court in entering a default judgment . . . [t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co.*, *v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

## ADMITTED WELL-PLEADED ALLEGATIONS OF FACT

Fusion Farms builds and manages modern farming solutions using sustainable, controlled aquaponic environments for communities that face environmental, climatic, and economic challenges.  ECF No. 1 at 1. In early 2021, Fusion Farms was introduced to Michael Scadden, the founder of Ocelotl.  *Id.*  Fusion Farms, wishing to expand and in need of investors, entered into a consulting agreement with Mr. Scadden.  *Id.* at 2–3.  In order to perform under the agreement, Mr. Scadden was given access to Fusion Farms' trade secrets and other confidential and propriety information, such as its "hot" investor list, financial information, executive summaries, business methods and strategies, pitch

decks, and other internal data. *Id.* at 3. The confidential/proprietary information is among the most valuable assets of Fusion Farms because it provides it with a competitive advantage. *Id.* at 4. For example, the "hot" list of investors was initially compiled from information only accessible to Fusion Farms' executives. ECF No. 1 at 4. To protect its confidential information, Fusion Farms requires all company employees and contractors to enter into confidentiality and non-disclosure agreements. *Id.*

The agreement with Mr. Scadden contained a broad confidentiality clause. *Id.* at 4–5. Further, as part of the agreement, Mr. Scadden represented that he was not retained by any entity in competition with Fusion Farms and agreed not to accept any such retention during the term of the agreement without Fusion Farms' approval. *Id.* at 5. However, two weeks after entering into the agreement with Fusion Farms, Mr. Scadden formed Ocelotl. *Id.* Ocelotl's articles of incorporation state that Mr. Scadden is Ocelotl's sole manager. *Id.* Ocelotl is a boutique consultancy consortium that operates in the United States, Latin America, and the Caribbean, as well as Puerto Rico. *Id.*

Mr. Scadden failed to provide suitable performance to Fusion Farms. ECF No. 1 at 6. In fact, Mr. Scadden failed to close on a single prospect that provided an investment to Fusion Farms throughout the entire duration of the agreement. *Id.* As a result of this poor performance, Fusion Farms terminated the agreement with Mr. Scadden. *Id.* Separately, Fusion Farms agreed that if Mr. Scadden provided sufficient performance through year-end, he would be paid a total of $5,100. *Id.* However, Mr. Scadden failed to provide sufficient performance and Fusion Farms did not pay him the additional amount. *Id.*

As a result, Mr. Scadden sent text messages to Fusion Farms' Director of Finance threatening to use and divulge the confidential/proprietary information to disparage Fusion Farms unless he was paid $5,100 by the following day. ECF No. 1 at 6–7. Fusion Farms sent a cease and desist letter to Ocelotl to immediately stop all such wrongful activity and return the confidential/proprietary information. *Id.* at 7. Ocelotl did not respond. *Id.* However, Mr. Scadden continued to send more threatening text messages. *Id.* On January 4, 2022, Ocelotl issued a press release indicating that Ocelotl is no longer associated with Fusion Farms and its stakeholder relations due to "information withholding practices, its business management, and operational circumstances, which do not reflect our commitment to ethics and transparency . . . [o]ur firm has strong values aligned with lawful business practices, compliance, social responsibility and it is committed to providing professional consulting services . . . based on strict ethical business practices." ECF No. 1 at 7. However, Ocelotl did not cease its attacks and emailed a Fusion Farms' investor disparaging Fusion Farms and attached the press release to the email. *Id.* at 8. This email was addressed to other Fusion Farms' investors and sought to solicit funding from the investors. *Id.*

On January 13, 2022, Ocelotl posted the disparaging press release to a private Facebook group comprised of 800 high-net worth individuals, many of whom are Fusion Farms' investors and business partners. *Id.* at 8–9. A member of the group commented that it was a strong indictment. *Id.* Two of the members contacted Fusion Farms over the press release. ECF No. 1 at 9. This was especially damaging because these individuals had arranged tours at Fusion Farms' facilities for potential investors. *Id.* However, these individuals requested an immediate meeting and refused to go forward

4

with the tours until their concerns were quelled. *Id.* Further, Ocelotl caused a hydroponics company planning a merger with Fusion Farms to terminate its letter of intent after Ocelotl offered to raise capital for that company. *Id.*

As a result of Ocelotl's actions, Fusion Farms has suffered and lost goodwill, confidence, trust, and continues to suffer the loss of its reputation. *Id.* at 10.

## ANALYSIS

A. *Misappropriation Claims*

Under the DTSA, misappropriation includes the "acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means," where "improper means" includes "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means. . . ." 18 U.S.C. § 1839(5),(6).

Similarly, to set forth a misappropriation claim under the FUTSA, the plaintiff must "establish both of the following: (1) the plaintiff possessed secret information and took reasonable steps to protect its secrecy, and (2) the secret it possessed was misappropriated, either by one who knew or had reason to know that the secret was improperly obtained or by one who used improper means to obtain it." *SMS Audio, LLC, v. Belson*, No. 16-81308-CIV-MIDDLEBROOKS, 2016 WL 8739764, at *3 (S.D. Fla. Aug. 15, 2016) (quoting *All Leisure Holidays, Ltd. v. Novello*, No. 12-62328-CIV-ROSENBAUM, 2012 WL 5932364, at *4 (S.D. Fla. Nov. 27, 2012)).

Due to Ocelotl's default, Fusion Farms' allegations are taken as admitted, and as such establish Ocelotl's liability as to Fusion Farms' federal and Florida misappropriation claims. Specifically, Fusion Farms alleged that its investor "hot" list is

5

confidential/proprietary information, Fusion Farms took reasonable steps to protect it, including a confidentiality agreement with Ocelotl's sole member, Mr. Scadden, and Ocelotl obtained the secret by improper means. Relevant to this action, improper means includes "breach or inducement of a breach of a duty to maintain secrecy." Fla. Stat. § 688.002(1). Accordingly, the undersigned finds that Fusion Farms is entitled to a default judgment against Ocelotl as to the misappropriation of trade secrets under the DTSA and FUSTA.

B. ***Tortious Interference Claim***

To prevail on a claim of tortious interference, Fusion Farms must show: "(1) the existence of a business relationship or an enforceable contract, (2) knowledge of the relationship on the part of the defendant, (3) an intentional and unjustified interference with the relationship by the defendant, and (4) damage to the plaintiff as a result of the breach of the relationship." *Tracfone Wireless Inc., v. Anadisk LLC*, 685 F. Supp. 1304, 1318 (S.D. Fla. 2010).

Taking Fusion Farms' allegations as admitted due to Ocelotl's default, Fusion Farms has established that Ocelotl tortiously interfered in Fusion Farms' business relationship. Fusion Farms has established an existence of a business relationship between Fusion Farms and the hydroponics company as well as between Fusion Farms and the investors who had scheduled tours that were postponed due to Ocelotl's press release. Ocelotl was aware of the relationships and intentionally interfered by posting the press release and emailing known investors of Fusion Farms. Fusion Farms has suffered damage because of Ocelotl's actions. Due to Fusion Farms electing not to collect

damages, the undersigned will not discuss the damages Fusion Farms suffered as a result of this tortious interference.

C. **Permanent Injunction**

To obtain a permanent injunction, a plaintiff must establish: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Geodectic Servs. Inc. v. Zhenghzou Sunward Tech. Co.*, No: 8:13–cv–1595–T–35TBM, 2014 WL 12620804, at *8 (M.D. Fla. April 4, 2014).

By its default, Ocelotl has admitted to misappropriating Fusion Farms' trade secrets. Fusion Farms has also alleged that it has been suffering and will continue to suffer irreparable harm absent an injunction. Further, Fusion Farms contends that Ocelotl is currently using its trade secrets to directly compete against Fusion Farms by trying to steal its investors and potential investors. Accordingly, the undersigned recommends the Court enter an injunction related to the trade secret misappropriation claims.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Fusion Farms' Motion for Default Judgment and Permanent Injunction, ECF No. 26, be GRANTED. The undersigned further recommends as follows:

1. Ocelotl and its officers, directors, agents, servants, employees, and all persons in active concert and participation with them, including but not limited to Michael Scadden, be immediately and permanently enjoined from directly or indirectly:

    a. using, disclosing, or continuing to possess Fusion Farms' confidential or proprietary information and trade secrets, including its investor lists, whether original, copied, duplicated, reproduced, computerized, handwritten, recreated, compiled, or stored in any way whatsoever (including on computer software, USB removable drive, disk, laptop or desktop computer, tablet, iPhone or other android device, removable hard drive, and/or any other type of computer of digital information storage device); and

    b. communicating with any investor or prospective investor of Fusion Farms, whose confidential or contact information Ocelotl obtained by virtue of the prior consulting relationship between Fusion Farms and Ocelotl's principal, Michael Scadden, in an effort to solicit business or funds from those persons or entities, or to disparage Fusion Farms.

2. Within 14 days of the District Court's Order on this Report and Recommendation, Ocelotl be ordered to deliver to Fusion Farms for destruction any records or documents (including data or information maintained in computer or electronic media or cloud storage) in Ocelotl's possession, custody, or control that were obtained from or contain Fusion Farms' confidential or proprietary information and trade secrets.

3. Fusion Farms may file a motion for fees and costs in accordance with S.D. Fla. Local Rule 7.3.[1]

---

[1] Fusion Farms is cautioned that simply prevailing in this action by default, without a contractual or statutory basis, does not entitle it to fees. *Int'l Fidelity Ins. Co. v. Americaribe-Moriarty JV*, 906 F.3d 1329, 1335–36 (11th Cir. 2018) ("[A]bsent a specific

4. The Court retain jurisdiction over the Parties for the purpose of any proceeding to enforce Final Judgment and Permanent Injunction.

Within seven (7) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  Any Response to any Objection filed shall be due within seven (7) days of the objection.  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida this 11th day of August 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Roy K. Altman

All Counsel of Record

---

statutory or contractual provision, a prevailing litigant has no general entitlement to attorneys' fees.").