UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-60135-ALTMAN/Hunt

FUSION PROPERTIES
MANAGEMENT GROUP, INC.,

    *Plaintiff*,

v.

OCELOTL GROUP, LLC,

    *Defendant*.

_____/

## ORDER

The Plaintiffs filed a Motion for Default Judgment [ECF No. 26] (the "Motion"). The Court referred that Motion to United States Magistrate Judge Patrick M. Hunt. [ECF No. 27]. Magistrate Judge Hunt issued a Report and Recommendation [ECF No. 30] (the "R&R"), in which he determined that the Motion should be granted. Magistrate Judge Hunt also warned the parties as follows:

> Within seven (7) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Any Response to any Objection filed shall be due within seven (7) days of the objection. The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); see *Thomas v. Arn*, 474 U.S. 140 (1985).

*Id.* at 9. More than 7 days have passed, and neither side has objected.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here,

when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law, we find no clear error on the face of the R&R. Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. The R&R [ECF No. 30] is **ACCEPTED and ADOPTED** in full.

2. The Motion for Default Judgment [ECF No. 26] is **GRANTED**.

3. Final Default Judgment is **ENTERED** in favor of the Plaintiffs and against the Defendant, Ocelotl Group, LLC, as follows:

    a. Permanent Injunctive Relief: The Defendant and its officers, directors, employees, agents, representatives, servants, subsidiaries, distributors, attorneys, and all persons acting in concert and participation with the Defendant are hereby permanently restrained and enjoined from:

        i. using, disclosing, or continuing to possess the Plaintiff's confidential or proprietary information and trade secrets, including its investor lists, whether original, copied, duplicated, reproduced, computerized, handwritten, recreated, compiled, or stored in any way whatsoever (including on computer software, USB removable drive, disk, laptop or desktop computer, tablet, iPhone or other android device, removable hard drive, and/or any other type of computer of digital information storage device); and

        ii. communicating with any investor or prospective investor of Fusion Farms, whose confidential or contact information the Defendant obtained by virtue of the prior consulting relationship between the Plaintiff and Ocelotl's principal, Michael Scadden, in an effort to solicit business or funds from those persons or entities, or to disparage Fusion Farms.

    b. Within fourteen (14) days of this Order, the Defendant shall deliver to the Plaintiff for destruction any records or documents (including data or information maintained in computer or electronic media or cloud storage) in the Defendant's possession, custody, or control that were obtained from or contain the Plaintiff's

       confidential or proprietary information and trade secrets.

    c. The Plaintiff may file a motion for fees and costs in accordance with S.D. Fla. L.R. 7.3.

4. The Court retains jurisdiction to enforce this Final Default Judgment and Permanent Injunction.

5. This case shall remain **CLOSED**. All deadlines and hearing are **TERMINATED**, and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 19th day of August 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record